COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS CUSTOM POOLS, INC., F/K/A RIVERBEND POOLS, INC., | § | No. 08-07-00197-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 393rd Judicial District Court |
| | § | |
| | | of  Denton County, Texas |
| ALLAN CLAYTON and MIRIAM CLAYTON, | § | |
| | | (TC# 2000-60215-393) |
| | § | |
| Appellees. | | |

**MEMORANDUM  OPINION**

Pending before the Court is a joint motion to dismiss this appeal in accordance with TEX.R.APP.P. 42.1(a).  The parties represent that they have reached an agreement to settle and compromise all claims and causes of action in the underlying case, and request that this Court vacate the trial court's judgment and dismiss the appeal.

An intermediate court of appeals is authorized to vacate a trial court's judgment and dismiss the underlying case.  *See* TEX.R.APP.P. 43.2(e).  Further, Texas Rule of Appellate Procedure 42.1 permits an appellate court to dispose of an appeal pursuant to a settlement agreement.  TEX.R.APP.P. 42.1(a)(2).  We may render judgment effectuating the parties' settlement agreement, set aside the trial court's judgment, and remand the case to the trial court for rendition of judgment in accordance with the agreement, or abate the appeal and permit the trial court to conduct proceedings to effectuate the agreement.  TEX.R.APP.P. 42.1(a)(2).  While we are authorized to vacate the trial court's judgment and dismiss the underlying case, we are not

authorized to both vacate the judgment and dismiss the appeal.

Therefore, having considered the motion and the action requested by the parties, we will GRANT the motion in part and vacate the trial court's judgment dated March 19, 2007, without consideration of the merits and remand the case to the trial court for further proceedings in accordance with the settlement agreement. With regard to the parties' request that we dismiss the appeal, the motion is denied. Pursuant to the settlement agreement, costs will be taxed against the party incurring the same. *See* TEX.R.APP.P. 42.1(d). We direct the Clerk of the Court to issue the mandate of the Court immediately.

August 31, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.